UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-21160-CIV-MORENO/TORRES

SCHECK INVESTMENTS, L.P., ELENA
PARRALES, individually and on behalf
of, FRANOVA INVESTMENT LTD.,
THE PMT IRREVOCABLE TRUST,
JUAN MANUEL PONCE DE LEON and
MARIA PAULINA PONCE DE LEON
URIBE, individually and for those
similarly situated,

        Plaintiffs,

vs.

KENSINGTON MANAGEMENT, INC.,
RAINY CONSULTING CORP., *et al.*,

        Defendants.
_____/

**AMENDED REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiffs' Motions[1] for Summary Judgment against certain Defendants on Count III of the Third Amended Complaint for the alleged violation of the Florida Securities and Investor Protection Act ("FSIPA") Fla. Stat. § 517.07 filed April 15, 2009. Only one of the Defendants, Herman Jaehne, filed

---

[1] Plaintiffs' Motion for Summary Judgment Against Defendant Herman Jaehne [D.E. 975]; Plaintiffs' Motion for Summary Judgment Against Defendant David Traina [D.E. 978]; Plaintiffs' Motion for Summary Judgment Against Defendant Tom Trombino [D.E. 980]; Plaintiffs' Motion for Summary Judgment Against Defendant Jack Russo [D.E. 982]; and Plaintiffs' Motion for Summary Judgment Against Defendant Michael Trombino [D.E. 984].

a brief one-page *pro se* Response in Opposition to Plaintiffs' Motion [D.E. 995]. No other responses have been filed. Plaintiffs' Motions, therefore, are essentially unopposed. On April 22, 2009, Judge Moreno issued a Twenty Day Notice of Consideration of Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56(c). [D.E. 988]. The Court has reviewed the motions, the *pro se* response, the reply, and the record in the case. For the foregoing reasons the motions for summary judgment should be granted

## *I. BACKGROUND*

In ancient Rome, a "viaticum" was a purse containing money and provisions for a journey. In modern day America, a viatical settlement is thought to provide a viaticum by allowing a dying person to acquire part of his life insurance benefits for the remainder of his life's journey by selling his policy to a settlement provider.

Mutual Benefits Corporation ("MBC") was a viatical settlement provider. Furthermore, MBC sold fractionalized interests in the acquired policies to investors. Between October 1994 and May 2004, MBC raised in excess of one billion dollars from about 30,000 investors. MBC promised attractive rates of return ranging from 12% to 72%. The rate of return dependent upon the term of the investment, which was determined by the life expectancy evaluation. In order to sell viatical settlements to investors, MBC solicited funds from investors directly or through one of its agents. Following the deposit of investor funds into escrow, MBC promised to pay premiums, monitor the health of the insureds, collect the benefits upon death, and distribute proceeds to investors.

MBC's activities, however, turned out to be multi-faceted fraud and a Ponzi scheme. On May 3, 2004, the Securities and Exchange Commission ("SEC") filed a civil action against MBC and various other entities and individuals alleging violations of various federal securities laws. The following day, the Court froze company's assets and appointed a Receiver to take control of its operations. Numerous criminal indictments followed. Some individuals have pled guilty to securities fraud charges and are currently serving their prison sentence.

On September 7, 2006, certain investors who purchased interests in viatical settlements from MBC filed their Third Amended Class Action Complaint against various individuals and entities that were involved in or aided MBC's operations. The pending motions for summary judgment pertain only to Count III claim for violation of the Florida Securities and Investor Protection Act for the Sale of Unregistered Securities. Fla. Stat. § 517.07. Namely, Plaintiffs move for summary judgment on that count only against those Defendants that acted as sales agents on behalf of MBC and sold the unregistered securities to the investors.

Plaintiffs argue in support of their summary judgment motions that no genuine issue of material fact exists as to the fact that Defendants sold or offered to sell unregistered securities on behalf of MBC. As a remedy Plaintiffs seek disgorgement of all commissions on the sale of these unregistered securities that Defendants received from MBC. In support of their argument, Plaintiffs cite to this Court's June 25, 2004 Order and an affidavit of Curtis B. Miner, Counsel for the Court-appointed Receiver.

The only response in opposition, filed by Defendant Herman E. Jaehne, fails to advance a single legal or factual basis for denying Plaintiffs' motion.  The one-page *pro se* pleading merely makes a blanket assertion that "there has been no determination that anyone has been injured by the alleged actions of Defendant."  *See* Defendant Herman Jaehne's Response in Opposition at 1 [D.E. 995].

## *II.  ANALYSIS*

### A. *Summary Judgment Standard*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden is met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  Thus, the non-moving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set

forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

It is important to note, however, that "the district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1102 (11th Cir. 2004) (quoting *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)).

### B.     *Violation of Fla. Stat. § 517.07*

Section 517.07 of the FPISA provides that "[i]t is unlawful and a violation of this chapter for any person to sell or offer to sell a security within this state unless the security . . . is registered pursuant to this chapter." Fla. Stat. § 517.07(1). Accordingly, in order for Plaintiffs to prevail on Count III of the Amended Complaint, they must establish that: (1) viatical and life settlement contracts sold by MBC were securities; (2) these securities were not registered with the State of Florida; and (3) Defendants sold such unregistered securities.

This Court has already determined that viatical and life settlement contracts sold by MBC are securities. *S.E.C. v. Mut. Benefits Corp.*, 323 F. Supp. 2d 1337 (S.D. Fla. 2004), *aff'd* 408 F.3d 737 (11th Cir. 2005). Therefore, we conclude that Plaintiffs have satisfied the first element of a Section 517.07 claim.

Plaintiffs have also proffered undisputed evidence that none of the viatical and life settlement contracts/securities sold by MBC were registered with Florida Securities

Regulators or any other securities regulatory bodies in the country. Plaintiffs contend there is no evidence that any registration statement was ever filed on behalf of MBC with the Florida Division of Securities. Plaintiffs have also proffered SEC attestations stating that no registration statement was ever filed by MBC or its affiliates with SEC. Therefore, we also conclude that Plaintiffs have satisfied the second element of the claim.

Plaintiffs have also proffered undisputed evidence that each Defendant sold MBC's unregistered securities through the affidavit of Curtis B. Miner, Counsel for the Court-appointed Receiver. Mr. Miner attests that his staff conducted an investigation of MBC's accounting database and generated a report that calculated aggregate amount of disbursements made by MBC or one of its entities to each Defendant. Namely, Mr. Miner provided a summary of disbursements in the form of commissions on sales of the securities on each individual Defendant. It is rational to conclude, based on the undisputed evidence regarding the disbursements of sales commissions, that each Defendant indeed sold the unregistered securities on behalf of MBC. No other conclusion can be drawn from these sales commissions, and these Defendants have offered none. Thus, Plaintiffs have also satisfied the third prong of the claim.

Finally, Plaintiffs petition this Court to award damages to the Plaintiffs based on the aggregate amount of sales commission that each Defendant received from MBC. Mr. Miner proffered each Defendant received the following amount in sales commissions:

(1)    Defendant Herman Jaehne and his company Jaehne Financial, Inc. - $1,112,213.08. [D.E. 975-5].

(2)   Defendant David Traina and his company Polaris Marketing, Inc. - $1,636,544.27. [D.E. 978-5].

(3)   Defendant Tom Trombino - $11,931.57. [D.E. 980-5].

(4)   Defendant Jack Russo and his company Glovalvest Corporation - $1,948,959.87. [D.E. 982-5].

(5)   Defendant Michael Trombino - $16,313.61. [D.E. 984-5].

We next analyze whether damages based on disgorgement of ill-gotten gains, as calculated by Mr. Miner, is the proper remedy for violation of Section 517.07. Under the statute, the purchaser is able to seek the remedy of damages if the security has been sold or may seek rescission of the security sales contract if the purchaser retains the security. Fla. Stat. § 517.211. However, a purchaser is also entitled to "[t]he same civil remedies provided by the laws of the United States for the purchasers . . . of securities, under any such laws, in interstate commerce" Fla. Stat. § 517.241(3).

Disgorgement of ill-gotten gains or profits from one who sells securities in violation of federal securities law is an accepted remedy in our Circuit. *See, e.g., S.E.C. v. Kirkland*, 521 F. supp. 2d 1281, 1306 (M.D. Fla. 2007) ("The equitable 'remedy of disgorgement is designed both to deprive a wrongdoer of his unjust enrichment and to deter others from violating the securities laws.'") (citing *S.E.C. v. Friendly Power Co., LLC*, 49 F. Supp. 2d 1363, 1372 (S.D. Fla. 1999)); *Hays v. Adam*, 512 F. Supp. 2d 1330, 1342 (N.D. Ga. 2007) ("[C]ases in which the SEC or injured investors seek recovery of profits derived from the sale of unregistered securities are common . . . ."); *Pidcock v. Sunnyland America, Inc.*, 854 F.2d 443, 446-47 n.7 (11th Cir. 1988) (citing *Janigan v.*

*Taylor*, 344 F.2d 781, 786 (1st Cir. 1965) and noting that application of the disgorgement remedy is not limited to the facts of that case).

We conclude, therefore, that the disgorgement of ill-gotten gains is a proper remedy for the violation of Section 517.07.

### *III. CONCLUSION*

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

1)  Plaintiffs' Motion for Summary Judgment Against Defendant Herman Jaehne [D.E. 975] should be **GRANTED**. Summary Judgment on Count III of the Third Amended Complaint should be entered in the amount of **ONE MILLION ONE HUNDRED TWELVE THOUSAND TWO HUNDRED THIRTEEN DOLLARS AND EIGHT CENTS ($1,112,213.08)** against Defendant Herman Jaehne.

2)  Plaintiffs' Motion for Summary Judgment Against Defendant David Traina [D.E. 978] should be **GRANTED**. Summary Judgment on Count III of the Third Amended Complaint should be entered in the amount of **ONE MILLION SIX HUNDRED THIRTY-SIX THOUSAND FIVE HUNDRED FORTY-FOUR DOLLARS AND TWENTY-SEVEN CENTS ($1,636,544.27)** against Defendant David Traina.

3)  Plaintiffs' Motion for Summary Judgment Against Defendant Tom Trombino [D.E. 980] should be **GRANTED**. Summary Judgment on Count III of the Third Amended Complaint should be entered in the amount of **ELEVEN THOUSAND NINE HUNDRED THIRTY-ONE DOLLARS AND FIFTY-SEVEN CENTS ($11,931.57)** against Defendant Tom Trombino.

4)     Plaintiffs' Motion for Summary Judgment Against Defendant Jack Russo [D.E. 982] should be **GRANTED**. Summary Judgment on Count III of the Third Amended Complaint should be entered in the amount of **ONE MILLION NINE HUNDRED FORTY-EIGHT THOUSAND NINE HUNDRED FIFTY-NINE DOLLARS AND EIGHTY-SEVEN CENTS ($1,948,959.87)** against Defendant Jack Russo.

5)     Plaintiffs' Motion for Summary Judgment Against Defendant Michael Trombino [D.E. 984] should be **GRANTED**. Summary Judgment on Count III of the Third Amended Complaint should be entered in the amount of **SIXTEEN THOUSAND THREE HUNDRED THIRTEEN DOLLARS AND SIXTY-ONE CENTS ($16,313.61)** against Defendant Michael Trombino.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of June, 2009.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge